# 2015-1598

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

───────────────

SMARTMETRIC INC.,
*Plaintiff-Appellee*

v.

MASTERCARD INTERNATIONAL
INCORPORATED,
*Defendant-Appellant*

VISA INC.,
*Defendant*

───────────────

Appeal from the United States District Court for the
Central District of California in No. 2:11-cv-07126-MWF-AJW,
Judge Michael W. Fitzgerald

───────────────

## BRIEF OF DEFENDANT-APPELLANT MASTERCARD INTERNATIONAL INCORPORATED

───────────────

Gary A. Clark
Darren M. Franklin
Andrew T. Kim
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
TEL: 213.620.1780

*Attorneys for Defendant-Appellant*
MasterCard International Incorporated

## <u>CERTIFICATE OF INTEREST</u>

Counsel for the Defendant-Appellant certifies the following:

1. The full name of every party or amicus represented by me is:

   MasterCard International Incorporated.

2. The name of the real party in interest represented by me is:

   MasterCard International Incorporated.

3. All parent corporations and any publicly held companies that own

   10 percent or more of the stock of the party or amicus curiae

   represented by me are:  MasterCard Incorporated.

4. The names of all law firms and the partners or associates that

   appeared for the party or amicus now represented by me in the trial

   court or agency or are expected to appear in this court are:

   Sheppard, Mullin, Richter & Hampton, LLP; Gary A. Clark;

   Darren M. Franklin; Dennis J. Smith; Andrew T. Kim.

Dated:  July 29, 2015

Respectfully submitted,

By _____*/s/ Gary A. Clark*_____

GARY A. CLARK

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Attorneys for Defendant-Appellant
MASTERCARD INTERNATIONAL
INCORPORATED

# **TABLE OF CONTENTS**

I.  STATEMENT OF RELATED CASES ........................................................1

II.  JURISDICTIONAL STATEMENT ..............................................1

III.  STATEMENT OF THE ISSUES ........................................................2

IV.  STATEMENT OF THE CASE ........................................................2

    A.  The Nature of the Appeal ........................................................2

    B.  The Course of the Proceedings........................................................2

    C.  The Disposition ........................................................5

V.  STATEMENT OF THE FACTS ........................................................8

    A.  SmartMetric Filed Baseless Infringement Claims Against
        MasterCard ........................................................8

        1.  SmartMetric has known since 2010 that MasterCard does
            not make or sell data cards or card readers, as the
            '464 patent claims require........................................................8

        2.  SmartMetric made no effort to determine whether the
            claims of the '464 patent cover any MasterCard products
            or services. ........................................................10

        3.  SmartMetric offered a nonsensical construction of "local
            access number" that gave no meaning to the word "local"
            in the claims of the '464 patent. ................................................11

        4.  SmartMetric failed to conduct a pre-suit investigation
            into whether MasterCard's systems have a local access
            number, as the claims of the '464 patent require. ....................12

    B.  SmartMetric Prolonged Its Baseless Case in an Unreasonable
        Manner........................................................13

        1.  SmartMetric failed to support its infringement claims
            during discovery........................................................13

a.     SmartMetric failed to support its infringement claims in its interrogatory responses and document production. ................................................................13

b.     SmartMetric failed to serve a timely expert report on either infringement or validity of the '464 patent. .......................................................15

c.     SmartMetric's eventual expert report on infringement was more than two months late, violated a court order, and was conclusory. ...................17

d.     SmartMetric's Rule 30(b)(6) witness confirmed during his deposition that SmartMetric had no basis for its case. ..........................................................18

2.     SmartMetric provided no support for its claims in opposing Defendants' motion for summary judgment of non-infringement. ..................................................19

3.     SmartMetric improperly attempted to present a new infringement theory during its prior Federal Circuit appeal. .........................................................................22

VI.   SUMMARY OF THE ARGUMENT ............................................22

VII.  ARGUMENT ..................................................................................26

A.   Statement of the Standard of Review .....................................26

B.   The District Court Erred in Relying upon Incorrect Legal Standards in Finding This Case Unexceptional ...................27

C.   The District Court Erred in Failing to Find an Exceptional Case Based upon the Objective Baselessness of SmartMetric's Litigating Positions .......................................................................32

1.     SmartMetric's infringement positions were objectively baseless when it filed suit. .......................................................33

2.     SmartMetric's failure to conduct a reasonable pre-suit investigation confirms the objective baselessness of SmartMetric's positions. .........................................................35

a.      SmartMetric failed to conduct a pre-suit investigation into whether MasterCard makes or sells cards and card readers. ...........................................36

b.      SmartMetric failed to conduct a pre-suit investigation into whether MasterCard's system has a local access number. ...............................................39

D.      The District Court Erred in Failing to Find an Exceptional Case Based on the Unreasonable Manner in Which SmartMetric Litigated This Case..............................................................................41

1.      SmartMetric acted unreasonably by continuing to litigate after the district court rejected SmartMetric's construction of "local access number."....................................42

2.      SmartMetric acted unreasonably by continuing to litigate after it was unable in fact discovery to identify its theory of infringement..........................................................44

3.      SmartMetric acted unreasonably by continuing to litigate after it failed to serve a timely expert report on infringement. ..........................................................45

4.      SmartMetric acted unreasonably by continuing to litigate after its late expert was unable to produce a substantive infringement opinion..............................................46

5.      SmartMetric acted unreasonably by continuing to litigate after its expert testified that he was unaware of any circumstance under which MasterCard uses a local access number. ...................................................................48

VIII.   CONCLUSION AND STATEMENT OF RELIEF SOUGHT.....................49

ADDENDUM

# TABLE OF AUTHORITIES

## Cases

*Aristocrat Techs. Austl. Pty Ltd. v. International Game Tech.*,
    709 F.3d 1348 (Fed Cir. 2013)...........................................................................34

*Biax Corp. v. Nvidia Corp.*,
    Nos. 2013-1649, 2013-1653, 2013-1654, 2015 WL 755940,
    2015 U.S. App. LEXIS 3082 (Fed. Cir. Feb. 24, 2015) .............................. *passim*

*BMC Resources, Inc. v. Paymentech, L.P.*,
    498 F.3d 1373 (Fed. Cir. 2007) ........................................................................33

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*,
    393 F.3d 1378 (2005)........................................................................................27

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
    2014 WL 4675002 (D. Del. Sept. 12, 2014)......................................................30

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
    363 F.3d 1263 (Fed. Cir. 2004).........................................................................47

*Emery v. Visa Int'l Service Ass'n*,
    95 Cal. App. 4th 952 (2002) .............................................................................37

*Eon-Net LP v. Flagstar Bancorp*,
    653 F.3d 1314 (Fed. Cir. 2011).........................................................................30

*Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*,
    637 F. Supp. 2d 1029 (M.D. Fla. 2009).............................................................38

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517 (1994)..........................................................................................28

*Highmark Inc. v. Allcare Health Management Sys., Inc.*,
    134 S. Ct. 1744 (2014)......................................................................................27

*Insituform Techs., Inc. v. Cat Contracting, Inc.*,
    385 F.3d 1360 (Fed. Cir. 2004).........................................................................32

*Judin v. United States*,
    110 F.3d 780 (Fed. Cir. 1997)...........................................................................39

*Kaneka Corp. v. Zhejiang Med. Co.*,
No. 11-cv-2389 MRP, 2014 U.S. Dist. LEXIS 91659 (C.D. Cal.
May 23, 2014) (Pfaelzer, J.) ............................................................6

*Knorr-Bremse Systeme Fuer Nutzfahrzuege GmbH v. Dana Corp.*,
383 F.3d 1337 (Fed. Cir. 2004) ......................................................32

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
2014 WL 4616847 (N.D. Cal. Sept. 15, 2014) .................................35

*MarcTec, LLC v. Johnson & Johnson*,
664 F.3d 907 (Fed. Cir. 2012) ........................................................30

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
134 S. Ct. 1749 (2014) ............................................................ *passim*

*Oplus Technologies, Ltd. v. Vizio, Inc.*,
782 F.3d 1371 (Fed. Cir. 2015) ................................................ *passim*

*Reed v. Young Men's Christian Ass'n USA*,
No. 3:07-0765, 2008 WL 3852175 (M.D. Tenn. Aug. 15, 2008) .......38

*SmartMetric Inc. v. American Express Co.*,
476 F. App'x 742 (Fed. Cir. Apr. 11, 2012) ......................................8

*SmartMetric Inc. v. MasterCard Int'l Inc.*,
No. CV 10-01864 JHN (FMOx) (filed Mar. 15, 2010) ........................8

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
726 F.3d 1306(Fed. Cir. 2013) .......................................... 28, 30, 41

*View Eng'g, Inc. v. Robotic Vision Sys.*,
208 F.3d 981 (Fed. Cir. 2000) ............................................... 39, 40

**Statutes**

28 U.S.C. § 1295(a)(1) ....................................................................1

28 U.S.C. § 1338(a) .........................................................................1

28 U.S.C. § 2107(a) .........................................................................1

28 U.S.C. § 1331 .............................................................................1

35 U.S.C. § 271 ............................................................................3

35 U.S.C. § 271(a) ........................................................................3

35 U.S.C. § 285 .................................................................... passim

**Rules**

Federal Rule of Civil Procedure 33(d) ......................................15

Federal Rule of Appellate Procedure 4(a)(1)(A) ........................1

# I.

## STATEMENT OF RELATED CASES

1.    Another appeal from the same civil action in the lower court was previously before this Court: *SmartMetric Inc. v. MasterCard International Incorporated*, No. 2014-1037, 568 Fed. Appx. 897 (Fed. Cir. Aug. 13, 2014) (Prost, C.J., Newman, J., and Hughes, J.).

2.    Counsel is unaware of any other case pending in this or any other court that will directly affect or be directly affected by this Court's decision in the pending appeal.

# II.

## JURISDICTIONAL STATEMENT

The district court's jurisdiction was based upon 28 U.S.C. §§ 1331 and 1338(a), as this is a civil action arising under an Act of Congress relating to patents.  This Court's jurisdiction is based upon 28 U.S.C. § 1295(a)(1), as this is an appeal from a final decision of a district court of the United States, the jurisdiction of which was based upon 28 U.S.C. § 1338(a).

This appeal was timely noticed under 28 U.S.C. § 2107(a) and Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, in that Defendant-Appellant MasterCard International Incorporated ("MasterCard") filed the Notice of Appeal on April 24, 2015, within thirty days of the district court's order dated

March 25, 2015.  The appeal is from a final order or judgment that disposes of all parties' claims.

## III.

## STATEMENT OF THE ISSUES

Whether the district court erred in holding that this case is not an "exceptional case" under 35 U.S.C. § 285 despite finding, *inter alia*, that this case "[c]ertainly … was not a case that SmartMetric was going to win," and denying Defendants' Renewed Motion for Attorneys' Fees.

## IV.

## STATEMENT OF THE CASE

### A.    The Nature of the Appeal

In an order dated March 25, 2015 ("Fee Order," JA1-JA7), the district court denied MasterCard's Renewed Motion for Attorney Fees under 35 U.S.C. § 285.  This appeal challenges that ruling.

### B.    The Course of the Proceedings

Plaintiff-Appellee SmartMetric Inc. ("SmartMetric") is the assignee of U.S. Patent No. 6,792,464 ("the '464 patent"), which discloses and claims a computer system and method for allowing a user to automatically access one of a plurality of network service providers.  (JA10-JA23.)  In this action, SmartMetric alleged that MasterCard infringed the '464 patent "by selling, offering to sell and

using contact and contact/contactless credit card systems that use datacards that,

when inserted into a data card reader, help to establish connection to a network."

(JA49 ¶ 1.)

On motion for summary judgment, the district court ruled that

MasterCard had not infringed the asserted claims of the '464 patent and could not

be held liable under 35 U.S.C. § 271(a).  SmartMetric did not assert infringement

under any other subsection of 35 U.S.C. § 271.  The district court concluded that

SmartMetric's expert declarations were insufficient to defeat summary judgment

and that SmartMetric had failed to present any evidence that the "local access

number" and "database" limitations in the '464 patent claims were present in the

accused MasterCard system.  (JA1947-JA1951.)  The district court also concluded

that SmartMetric had failed to present any evidence that MasterCard made, used,

offered for sale, or sold the entire system of claim 1 or practiced the method of

claim 14, which are the only independent claims in the '464 patent.  (JA1951-

JA1953.)

The district court denied as moot MasterCard's summary judgment

motions regarding invalidity of the '464 patent and damages.  (JA1942.)  The

district court also concluded that it had discretion to strike SmartMetric's expert

reports and reach the same ruling on non-infringement, but declined to do so

because the district court's substantive ruling of non-infringement effectively

mooted MasterCard's objections to the reports.  (JA1953-JA1956.)

Thereafter, SmartMetric appealed the district court's judgment to this

Court.  On August 13, 2014, this Court entered a complete *per curiam* affirmance.

(JA2528-JA2529.)  This Court issued its mandate to the district court on

October 27, 2014.  (JA2527.)

On November 3, 2014, at the district court's direction, MasterCard

filed a renewed motion for attorney fees under 35 U.S.C. § 285.  (JA46.)

MasterCard had previously filed a motion for attorney fees on October 30, 2013,

within the fourteen-day filing deadline provided in Rule 54(d)(2)(B).  (JA43.)  On

December 18, 2013, however, the district court granted MasterCard's *ex parte*

application to continue the hearing on the original motion until after the Supreme

Court issued its decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,

134 S. Ct. 1749 (2014) (JA2520-JA2522.)  On January 28, 2014, the district court

entered the parties' stipulated order further postponing the hearing until after this

Court resolved SmartMetric's appeal.  (JA2523.)  After the Supreme Court issued

its decision and after this Court ruled on the appeal, the district court denied the

original motion without prejudice "because entirely new briefing will be

necessary" in light of the relaxed standard for awarding attorney fees announced in

*Octane Fitness*.  (JA2524.)  The district court stated that "Defendants should file

their renewed motion within one week following the receipt of the mandate in this District." (*Id.*)  MasterCard did so.  (JA46.)

## C.    <u>The Disposition</u>

On March 25, 2015, the district court denied MasterCard's renewed motion for attorney fees.  Although denying the motion, the district court found that many of MasterCard's arguments about SmartMetric's unreasonable conduct were "essentially correct, particularly in respect to SmartMetric's handling of the litigation after the claim construction hearing."  (JA4.)  The district court also found "additional instances of exceptionally weak—if not frivolous—positions," including SmartMetric's request for a stay of MasterCard's renewed motion for attorney fees pending SmartMetric's proposed writ of certiorari to the Supreme Court (which it never filed) and SmartMetric's arguments about the district court's jurisdiction to hear MasterCard's renewed motion for attorney fees.  (*Id.*)

Nonetheless, the district court found that this case did not "stand out" under the *Octane Fitness* standard.  (*Id.*)  In doing so, the district court indicated that if SmartMetric's case lacked any legal or factual basis at the outset, then MasterCard should have "brought a motion asserting these deficiencies at that stage of the litigation."  (JA5.)

Additionally, in finding that SmartMetric did not take an unreasonable litigation position, the district court refused MasterCard's argument that "the

continuation of this litigation after the district court rejected SmartMetric's

construction of 'local access number' is indicative of any misconduct or bad faith."

(*Id*.)  In support, the district court cited the suggestion in *Kaneka Corp. v. Zhejiang*

*Med. Co.*, No. 11-cv-2389 MRP, 2014 U.S. Dist. LEXIS 91659 (C.D. Cal. May 23,

2014) (Pfaelzer, J.), that a patentee may continue to litigate after receiving an

adverse claim construction, even if the "claim construction was indeed

determinative of the issue of infringement …."  (JA5 (quoting *Kaneka*, 2014 U.S.

Dist. LEXIS 91659, at *11).)  The district court thus concluded that it was not

extraordinary for SmartMetric to have continued pursuing its claim "in the face of

a negative claim construction outcome."  (JA5.)  For the district court, it was

enough that SmartMetric "believed in its litigating position and presented a case

that was not implausible on its face."  (JA6.)  On this point, the district court cited

*Biax Corp. v. Nvidia Corp.*, Nos. 2013-1649, 2013-1653, 2013-1654, 2015 WL

755940, 2015 U.S. App. LEXIS 3082 (Fed. Cir. Feb. 24, 2015) (unpublished), a

case where the district court's claim construction orders did not foreclose the

patentee's infringement position.  2015 WL 755940, at *4.

       The district court also refused to find an exceptional case based upon

SmartMetric's litigation conduct, despite finding that SmartMetric did not act

appropriately in this litigation.  (*Id*.)  Among other things, the district court found

that "SmartMetric missed the clear deadlines for expert disclosures set by the

Court," that "the expert declarations, once submitted, contained only conclusory allegations on the ultimate legal issue," and that "later expert declarations improperly added analysis not present in the original report." (*Id.*) The district court then cited its Order Granting Defendants' Motion for Summary Judgment as to Non-Infringement, where the district court further found that the declaration of SmartMetric's technical expert offered merely "presumptions … not based on any examination or testing of the accused systems." (JA1948, 7:6-8.) Despite these "failures, which were inappropriate," the district court did not find this case to be extraordinary, stating that this was not a case where the patentee "served a boilerplate complaint on dozens of defendants" or "never expected to prevail" on its claim. (JA6-JA7.)

Considering the totality of the circumstances, the district court stated that this case "[c]ertainly … was not a case that SmartMetric was going to win." (JA7.) The district court found that SmartMetric "lengthened and complicated the case" through "an aggressive litigating position, combined with disorganized and ineffective case management." (*Id.*) It further found that SmartMetric's counsel had an "aggressive determination to pursue weak legal positions." (*Id.*) Nonetheless, the district court found that this case was not exceptional. (*Id.*)

This appeal followed.

# V.

## STATEMENT OF THE FACTS

**A.** **SmartMetric Filed Baseless Infringement Claims Against MasterCard**

    **1.** **SmartMetric has known since 2010 that MasterCard does not make or sell data cards or card readers, as the '464 patent claims require.**

This is the second of two cases that SmartMetric filed against MasterCard alleging infringement of the '464 patent. *See SmartMetric Inc. v. MasterCard Int'l Inc.*, No. CV 10-01864 JHN (FMOx) (filed Mar. 15, 2010) ("the 2010 Case"). In the 2010 Case, SmartMetric alleged that MasterCard's "contactless" credit card systems infringed the '464 patent. That case was meritless. Following a claim construction ruling that precluded infringement, SmartMetric stipulated to judgment, which this Court affirmed. *See SmartMetric Inc. v. American Express Co.*, 476 F. App'x 742 (Fed. Cir. Apr. 11, 2012) (JA3535-JA3538).

The 2010 Case is particularly relevant here because facts disclosed in that case demonstrated that the "contact" credit card systems accused in the present case also did not practice the '464 patent claims, all of which require a "data card" and a "data card reader." (JA22-JA23 ('464 patent, claims 1 & 14).) In this regard, early in the 2010 Case MasterCard filed a motion to dismiss SmartMetric's First Amended Complaint for failure to state a claim. (JA2702.) In that motion, MasterCard and its co-defendant Visa made clear that they did not provide data

cards or data card readers, or direct or control any other entity that might provide

or use data cards or data card readers:

> As anyone who has ever been offered or received a credit
> card knows, credit cards are issued by financial
> institutions, not by Visa or MasterCard.  The same is true
> of Visa's payWave cards and MasterCard's PayPass
> cards – they are not issued to users by Visa or
> MasterCard.  Nor are Visa or MasterCard in the data card
> reader business.  Accordingly, SmartMetric does
> not—and indeed cannot—allege that Visa or MasterCard
> use or sell data cards or data card readers as required by
> the independent claims of the '464 patent.

(JA2703-2704.)  MasterCard noted that the '464 patent's independent claims require

both a data card and a data card reader, but that these two claim elements are

supplied and used by entities other than MasterCard:  financial institutions issue the

data cards, cardholders use the data cards, manufacturers sell or otherwise supply

the data card readers and associated data processing hardware and software, and

merchants use the data card readers.  (JA2704, 18:14-18.)

Thus, SmartMetric plainly was on notice from the 2010 Case that

MasterCard does not issue data cards or supply data card readers, and further does

not control or direct others to act on MasterCard's behalf to provide data cards or

data card readers.  (JA2706, 20:6-10.)  MasterCard repeated this point in the

parties' joint Rule 26(f) Report to the district court in the 2010 Case.  (JA2713,

2:8-9.)  Despite knowing of this fatal flaw in its case from the outset, SmartMetric

disregarded these facts and filed the present lawsuit against MasterCard.

### 2. SmartMetric made no effort to determine whether the claims of the '464 patent cover any MasterCard products or services.

Knowing full well from the 2010 Case the problems it faced with applying the '464 patent claims to MasterCard's products and services, SmartMetric nonetheless failed to conduct a reasonable investigation and identify a colorable infringement position before filing the present lawsuit. A declaration from SmartMetric's infringement expert, Edward Gussin, confirmed that SmartMetric did little more than pay lip service to these obligations. According to Mr. Gussin, SmartMetric conducted a reasonable pre-suit investigation into whether MasterCard controlled the making and selling of cards and card readers because "the cards and readers bear [MasterCard's] name[] and logo[], and I reasoned that such control was essential to assuring the systems would perform as expected." (JA3453 ¶ 22; *see also* JA3342, 13:16-19.) SmartMetric made no claim that it actually investigated who manufactured and sold MasterCard-branded cards and cards readers, or whether MasterCard controlled those entities.

SmartMetric's chief executive officer, Chaya Hendrick, admitted understanding before filing suit that it might have just been "Defendants and their business partners, e.g., ***banks like Citi***, [who] hired others to make these items to Defendants' specifications." (JA3460 ¶ 2 (emphasis added).) SmartMetric made no claim that it investigated whether MasterCard had any involvement in the hiring of such third parties by the banks who actually issue credit and debit cards.

**3.**     **SmartMetric offered a nonsensical construction of "local access number" that gave no meaning to the word "local" in the claims of the '464 patent.**

In addition to cards and card readers, the claims of the '464 patent all require "a local access number." (JA22-JA23 ('464 patent, claims 1 and 14).) Yet, SmartMetric offered only a confusing construction of "local access number" as "an access number that is either an access number with corresponding location information or a network service provider." (JA131.) SmartMetric's construction failed to give any substance to the word "local."

Moreover, SmartMetric ignored the teachings in the '464 patent that described the local access number as an access number specific to the locale of the user at the time the user attempts access. (JA19, JA21 ('464 patent, 3:55-63, 4:9-18, 8:29-65).) In short, SmartMetric offered a construction that disregarded the whole point of the '464 patent: "overcoming the problems in the prior art regarding the inconvenience of the user having to physically search for the local ISP number *in the particular locale in which he or she is located*." (JA18 ('464 patent, 2:39-42 (emphasis added)).) The district court rejected SmartMetric's frivolous construction. (JA373.)

4. **SmartMetric failed to conduct a pre-suit investigation into whether MasterCard's systems have a local access number, as the claims of the '464 patent require.**

SmartMetric never directly examined MasterCard's system to see whether it had local access numbers and a database of such numbers as the claims of the '464 patent require.  Its inquiry was limited to the purported knowledge of SmartMetric's chief executive officer, Ms. Hendrick, who "had seen EMV terminals outside the US, and learned, generally, how they work."  (JA3459 ¶ 2.)[1] Ms. Hendrick "reasoned" from her "own experience with computer programming" that MasterCard's system "likely" had local access numbers (*id*.), but she never investigated whether this was actually the case.  Nor did SmartMetric try to obtain access to or information about the accused MasterCard system from MasterCard before filing suit.  Instead, SmartMetric filed suit on the unsupported (and false) belief that MasterCard's system had a database of local access numbers, conceding that SmartMetric "needed discovery from Defendants to confirm" whether this was, in fact, the case.  (JA3362.)

SmartMetric's infringement expert, Mr. Gussin, likewise never directly examined MasterCard's system.  He simply "looked at documents describing Defendants' EMV systems" and surmised that "these systems likely

---

[1] "EMV" stands for "Europay/MasterCard/Visa" and refers to a standard to ensure interoperability of chip-based payment cards.  (JA910, ¶ 32.)

included a default access number, and, I believed, local access numbers, too."

(JA3453 ¶ 22.)  Mr. Gussin admitted that these documents "do not specifically

show a database containing local access numbers," leaving Mr. Gussin to merely

"infer[] that the router would route to the closest available asset."  (JA3449-

JA3450 ¶ 14.)

**B.**    **SmartMetric Prolonged Its Baseless Case in an Unreasonable Manner**

SmartMetric made little effort to remedy the obvious problems in its

case throughout this litigation.  SmartMetric failed to provide support for its

infringement claims at each stage of discovery, during the summary judgment

proceedings before the district court, and during the prior appellate proceedings

before the Federal Circuit.

**1.**    **SmartMetric failed to support its infringement claims during discovery.**

**a.**    **SmartMetric failed to support its infringement claims in its interrogatory responses and document production.**

SmartMetric was not forthcoming in responding to MasterCard's

requests to identify specific facts to support infringement during discovery.  For

example, SmartMetric completely failed to respond to MasterCard's interrogatory

asking SmartMetric to describe in detail the factual and legal basis for its

contention that MasterCard infringed the '464 patent.  (JA2721-JA2728.)

SmartMetric's response to this interrogatory simply parroted the claim language and provided no additional information or rationale.

Additionally, SmartMetric could not identify who made or sold the alleged "data card" and "data card reader" in the accused MasterCard system. (JA2728-JA2729.)  In response to MasterCard's interrogatory, SmartMetric merely referred to its answer to MasterCard's Interrogatory No. 2, in which SmartMetric stated non-responsively that "[o]n information and belief, the accused systems comprise data cards …."  (JA2722, JA2729.)

Similarly, SmartMetric was unable to identify what in the accused MasterCard system allegedly satisfies the "local access number" limitation of the patent claims.  (JA2729.)  In response to MasterCard's interrogatory, SmartMetric again referred to its uninformative response to MasterCard's Interrogatory No. 2, which stated only that "[o]n information and belief, the accused systems comprise application program(s) that read information on a card; said program(s) use at least some of the information to access such a network."  (JA2723.)

On January 21, 2013, in response to MasterCard's requests for, *inter alia*, all documents concerning the basis for SmartMetric's allegations and any pre-litigation investigation related to this lawsuit, SmartMetric made its sole document production in this case—a letter from SmartMetric's counsel listing four publicly available MasterCard and Visa websites.  (JA2681 ¶ 9, JA2761.)  The websites

discussed EMV chips and related devices generally; none demonstrated the basis for SmartMetric's allegations or any pre-litigation investigation. SmartMetric confirmed that it would not be producing any additional documents. (*Id*.)

Discovery closed on March 29, 2013, with SmartMetric having failed to provide any support for its infringement claims. On April 16, 2013, SmartMetric belatedly supplemented some of its interrogatory responses. (JA2681 ¶ 10, JA2763-JA2779.) Even then, however, SmartMetric failed to supplement its response to MasterCard's Interrogatory No. 3, asking who made or sold the alleged "data card" and "data card" reader in the accused MasterCard system. (JA2775.) In supplementing its other interrogatory responses, SmartMetric merely referenced its expert reports and declarations, and attempted to incorporate them by reference, in violation of Fed. R. Civ. P. 33(d). (JA2767, JA2774, JA2776, JA2778.) Notably, SmartMetric failed to offer any explanation of what, in MasterCard's accused system, allegedly satisfied the "local access number" limitation of the asserted patent claims. (JA2775-JA2776.)

> **b. SmartMetric failed to serve a timely expert report on either infringement or validity of the '464 patent.**

SmartMetric prolonged the litigation unnecessarily after failing to meet the district court's deadlines to serve expert reports on infringement and validity. On December 31, 2012, the parties were required to serve expert reports on the issues for which they bore the burden of proof—SmartMetric on

infringement and damages, and MasterCard on invalidity.  (JA361.)  MasterCard

complied by serving an expert report on invalidity on December 31.  (JA2682

¶ 11.)  Despite having the burden to prove that MasterCard infringed the

'464 patent, SmartMetric failed to serve an expert report on infringement (or

damages) by the deadline.  (*Id.* ¶ 12; JA1900.)

On January 28, 2013, the parties were required to serve rebuttal expert

disclosures.  (JA361.)  Despite SmartMetric's failure to serve an expert report on

infringement, MasterCard served an expert report on non-infringement on

January 28.  ( JA2682 ¶ 12.)  SmartMetric failed to serve a rebuttal report on

invalidity (or any other issue) by the deadline.  (*Id.*; JA1900.)

SmartMetric never indicated that it needed more time to prepare

expert reports.  (JA2682 ¶ 13.)  SmartMetric also failed to request any extensions

of the expert report deadlines until February 19, 2013, long after those deadlines

had passed.  (JA33; JA1900.[2])

---

[2] JA1900 indicates that SmartMetric requested the extension on February 7, 2013, but JA33 confirms that SmartMetric actually requested the extension on February 19, 2013.  Regardless, SmartMetric requested the extension ***long after*** the expert disclosure deadlines had passed.

### c.    SmartMetric's eventual expert report on infringement was more than two months late, violated a court order, and was conclusory.

On February 15, 2013, SmartMetric belatedly identified its infringement expert, Edward Gussin, for the first time.  (JA2682 ¶ 14; JA2783.) On February 19, 2013, less than a month before the discovery cutoff, SmartMetric filed an *ex parte* application to modify the Scheduling Order, requesting that the district court reset the December 31 and January 28 deadlines for expert disclosures to allow it "to prepare/serve expert reports."  (JA463, JA465.)  On February 21, 2013, the district court granted a two-week extension of the discovery cutoff to March 29, 2013 but denied "all other extensions requested in Plaintiff's Application."  (JA501 ("All dates except the discovery cut-off date shall remain as set forth in the district court's Order Modifying Scheduling Order filed October 2, 2012 [Docket No. 64].").)

Despite the district court's order, on the very next day, February 22, 2013, SmartMetric sent an e-mail to MasterCard stating, "We will have our report on infringement to you next week."  (JA2787.)  On February 28, 2013, SmartMetric sent another e-mail, claiming that it was Defendants' "own 'dirty conduct' (improper delay in producing documents) that caused the delay in our expert reports."  (JA2792.)

In utter defiance of the district court's Order, SmartMetric then served the *Infringement/Validity Report from Edward L. Gussin on Behalf of Plaintiff/Counter-Defendant SmartMetric Inc*. ("Gussin Report") on March 1, 2013.  (JA2796-JA2803.)  The Gussin Report purported to state opinions on infringement and validity but, in fact, made only conclusory allegations.  (*Id*.)  On infringement, the Gussin Report merely contained citations to a variety of unrelated MasterCard production documents of varying effective dates without any analysis.  (JA2797- JA2801 ¶¶ 3-20.)  Mr. Gussin failed to address MasterCard's arguments that it does not sell data cards or data card readers, and that a credit card system has no use for a "local access number" that is "specific to the locale of the user at the time the user attempts access."  (*Id*.)

> ### d.    SmartMetric's Rule 30(b)(6) witness confirmed during his deposition that SmartMetric had no basis for its case.

On March 29, 2013, MasterCard deposed Mr. Gussin as SmartMetric's designated Rule 30(b)(6) representative on infringement and validity.  (JA561, 13:19-21.)  During the deposition, Mr. Gussin discussed the "local access number" limitation in the claims of the '464 patent and asserted that MasterCard's system had backup or "stand-in" processing which "could be local." (JA2808, 71:13.)  MasterCard provides banks with stand-in processing in the event that an issuing bank is unable to process a transaction itself (for example, if the bank is offline for some reason).  (JA918, ¶ 53.)  When asked to explain how

MasterCard's backup or stand-in processing is allegedly local to a card user,

Mr. Gussin could distinguish only between "certain processes that happen in

Europe versus the rest of the world." (JA2808-JA2809, 71:23-72:2.) Ultimately,

Mr. Gussin could not explain how an exception for European customers with

existing back-up processing established use of a local access number in the United

States. (JA2809-JA2810, 72:23-73:9.)

Upon further questioning, Mr. Gussin admitted that he was unaware

of any circumstance under which a *local* access number from a database is used for

stand-in processing. (JA2813, 76:2-11.) He knew that MasterCard performs

stand-in processing in St. Louis and was unaware of any other locations. (JA2814,

77:13-20.) He could not explain how the stand-in processing that occurs at the

centralized St. Louis site is in any way "local." (JA2814-JA2815, 77:23-78:6.)

Ultimately, he could not explain how the location of the stand-in processing

depends at all upon the location of the user. (JA2817-JA2818, 80:22-81:14.)

Mr. Gussin also did not deny that MasterCard does not provide data

cards, card readers, data processors, and related software. (JA2819, 95:12-25.)

**2.     SmartMetric provided no support for its claims in opposing
        Defendants' motion for summary judgment of non-infringement.**

In its summary judgment papers, SmartMetric ignored the issue of

how MasterCard (which does not sell data cards or data card readers) could

possibly infringe the '464 patent (which requires these elements). At most,

SmartMetric offered the conclusory assertion that MasterCard "controls/directs/orchestrates the entire EMV system." (JA1023, 20:9.) But SmartMetric offered no proof of such authority. SmartMetric pointed to the declaration of MasterCard's expert, allegedly to show that MasterCard controls the entire payment processing system. (JA1020.) The declaration, however, indicated only that MasterCard establishes specifications for payment cards and terminals. (*Id*.) SmartMetric never developed any evidence that MasterCard's standards-related activities extended to direction or control of the manufacture and use of cards and terminals in a manner potentially giving rise to infringement liability.

Likewise, SmartMetric was unable to offer an explanation in its summary judgment papers for how a credit card system could possibly infringe a patent that requires a "local access number." SmartMetric speculated that stand-in processing somehow requires "a list of routing addresses which must be stored in a database within the system." (JA1019, 16:18-19.) But given Mr. Gussin's concession that MasterCard performs stand-in processing only at a centralized facility in St. Louis, SmartMetric's speculation made absolutely no sense.

SmartMetric also filed a declaration of Mr. Gussin in support of its own summary judgment motion ("Gussin Declaration"). (JA34; JA589-JA598.) Similar to the Gussin Report, Mr. Gussin cited pages from a variety of unrelated documents of varying effective dates concerning separate systems, all without any

analysis.  Moreover, the declaration contained additional opinions on infringement that SmartMetric failed to disclose in the Gussin Report.  (*Compare, e.g.*, JA2797-JA2799 ¶¶ 4-7 *to* JA590-JA595 ¶¶ 4-11.)  Even those additional opinions, however, were conclusory and failed to explain why MasterCard allegedly infringed the '464 patent.  For example, despite concluding that MasterCard infringed, Mr. Gussin failed to explain how the accused systems allegedly met the "local access number" limitation in the claims.  (JA593-JA594 ¶ 10; JA690-JA692.)  At most, Mr. Gussin made a passing reference to "Stand-In processing" as a backup to the default routing path in the MasterCard network, without explaining whether or how the stand-in processing relates to a local access number.  (JA594 ¶ 10.)  Moreover, Mr. Gussin again failed to address MasterCard's argument that MasterCard does not sell data cards or data card readers.

The hearing on summary judgment confirmed that SmartMetric had no evidence of infringement, or even a viable theory.  During the hearing, the district court asked SmartMetric what its strongest argument to the jury would be, putting aside Mr. Gussin's testimony.  (JA2907-JA2908, 16:19-17:23.)  Despite the district court's specific inquiry, SmartMetric was unable to identify anything beyond Mr. Gussin's conclusory opinion.  (*Id.*)  Not only was SmartMetric unable to point to specific facts to meet its burden of proof, SmartMetric wholly ignored

Mr. Gussin's inability to explain how the location of MasterCard's stand-in processing depends at all upon the location of the user.

### 3. SmartMetric improperly attempted to present a new infringement theory during its prior Federal Circuit appeal.

After hearing the parties' motions for summary judgment, the district court ruled that MasterCard did not infringe the asserted claims of the '464 patent. and exercised its discretion not to decide invalidity in view of its non-infringement ruling. (JA1942.) Thereafter, SmartMetric appealed the district court's judgment to this Court. On appeal, SmartMetric presented a brand-new infringement theory under which a "local access number" became an optional element of the patent claims. (JA2900-JA2901.) SmartMetric acted as if this theory had been its stance all along and attacked the summary judgment order for failing to adopt it. (*Id.*)

## VI.

## <u>SUMMARY OF THE ARGUMENT</u>

The district court abused its discretion in holding that this case is not an "exceptional case" under 35 U.S.C. § 285. This action presents precisely the kind of exceptional case that 35 U.S.C. § 285, as construed by the Supreme Court in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), was meant to remedy. It clearly "stands out from others" with respect to the substantive deficiency of SmartMetric's claims and the unreasonable manner in which SmartMetric litigated the case. *Id.*, 134 S. Ct. at 1756 (2014).

In its Fee Order (JA1-JA7), the district court abused its discretion by relying upon plainly incorrect legal standards. First, the district court erroneously faulted MasterCard for arguing that SmartMetric's case lacked any legal or factual basis at the outset without bringing "a motion asserting these deficiencies at that stage of the litigation." (JA5.) This Court subsequently rejected such grounds for denying attorney fees in *Oplus Technologies, Ltd. v. Vizio, Inc.*, 782 F.3d 1371, 1375 (Fed. Cir. 2015). Next, the district court adopted the incorrect notion that a party with no hope of prevailing after an adverse claim construction has a right to continue litigating through summary judgment. (JA5.) This Court rejected such grounds for denying attorney fees in *Biax Corp. v. Nvidia Corp.*, Nos. 13-1649, 13-1653, 13-1654, 2015 WL 755940, at *2, 2015 U.S. App. LEXIS 3082, at *8 (Fed. Cir. Feb. 24, 2015) (unpublished). Additionally, the district court erroneously relied upon its conclusion that SmartMetric "believed in its litigating position and presented a case that was not implausible on its face." (JA6.) This is not the correct legal standard. Under *Octane Fitness*, a district court is to consider "the substantive strength of a party's litigating position," including objective reasonableness, *Octane*, 134 S. Ct. at 1756, not just whether the patentee "believed in its litigating position" or whether the claim was "implausible on its face." *See id.* at 1757 ("[A] case presenting *either* subjective bad faith *or* exceptionally

meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award.") (citation omitted; emphasis added).

These errors were compounded by the district court overlooking or discounting SmartMetric's panoply of missteps and misconduct throughout this case. Rather than taking a "holistic, equitable approach" as *Octane Fitness* commands, the district court imposed an unduly high bar, comparing it to a case where the patentee "served a boilerplate complaint on dozens of defendants" or "never expected to prevail" on its claim. (JA6-JA7.)

When viewed holistically and equitably, this case cries out as exceptional, that is, as standing out from the norm. The evidence overwhelmingly shows that SmartMetric purposefully initiated a baseless suit against MasterCard and, without any factual or legal support for its infringement claims, proceeded to conduct this litigation in an extreme and unreasonable manner. SmartMetric's unreasonable conduct throughout the entirety of this litigation and on appeal is unmistakable:

- Pre-filing: SmartMetric failed to conduct a reasonable pre-filing investigation and should have known, from the very beginning of this case, that it lacked a claim against MasterCard. In the 2010 Case, MasterCard put SmartMetric on notice that MasterCard does not provide data cards or data card readers, or direct or

control any other entity that might do so.  The district court failed
to acknowledge this point anywhere in its Fee Order.

- Claim Construction:  SmartMetric offered a frivolous construction
  of "local access number" that contradicted the claim language and
  ignored the teachings of the '464 patent.

- Discovery:  SmartMetric failed to support its patent infringement
  claims in its interrogatory responses and produced no documents in
  discovery, other than a letter from counsel listing four publicly
  available websites.

- Expert Reports:  SmartMetric ignored the district court's order
  regarding submission of expert reports and withheld its expert
  report on infringement until after it received a non-infringement
  expert report from MasterCard.  SmartMetric's late expert report
  made only conclusory allegations, containing bare citations to
  MasterCard's production documents without any analysis.

- Summary Judgment:  In its summary judgment briefing,
  SmartMetric submitted an expert declaration that contained
  supplemental opinions on infringement in response to
  MasterCard's papers—opinions that SmartMetric failed to disclose
  in its untimely expert report.  Even this declaration avoided

addressing the fact that MasterCard does not sell data cards or data card readers.

- Appeal:  SmartMetric attempted to adopt a new theory of the case on appeal by arguing, for the first time, that MasterCard's systems could infringe even in the absence of a "local access number," provided that the systems included a "default access number."

SmartMetric's failure to adequately investigate prior to filing the suit, inability to support its infringement case in discovery, failure to meet its expert deadlines and thereby shift the burden on MasterCard to show non-infringement, and general litigation misconduct collectively makes this case exceptional.  It was an abuse of discretion for the district court not to make MasterCard whole and award reasonable attorney fees.

## VII.

## <u>ARGUMENT</u>

### A.     <u>Statement of the Standard of Review</u>

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the Supreme Court held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering

both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. at 1756.  A prevailing party must show that its case "stands out from others" by a preponderance of the evidence.  *See id*. at 1758.

This Court reviews the denial of attorney fees under section 285 for an abuse of discretion.  *See Highmark Inc. v. Allcare Health Management Sys., Inc.*, 134 S. Ct. 1744, 1747 (2014).  "The abuse-of-discretion standard does not preclude an appellate court's correction of a district court's legal or factual error:  A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  *Id*. at 1748 n.2 (quotation marks omitted).

## B.    The District Court Erred in Relying upon Incorrect Legal Standards in Finding This Case Unexceptional

In *Octane Fitness*, the Supreme Court commented on section 285 and loosened the standard for what makes a case "exceptional."  In place of the strict formulation in *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (2005), the Supreme Court imposed a "holistic, equitable approach" in light of the totality of the circumstances.  *Octane Fitness*, 134 S. Ct. at 1756.  The Supreme Court drew from a copyright case to present a non-exclusive list of factors for district courts to consider on a case-by-case basis, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of

compensation and deterrence." *Id*. at 1756 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).  Under the new standard, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id*. at 1757.

Pursuant to *Octane Fitness*, SmartMetric never should have brought this suit.  At the very least SmartMetric should have given up when it became clear that it would not prevail.  "[A] party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013). SmartMetric failed to do that.

The district court, however, imposed a higher legal standard upon MasterCard.  First, the district court erroneously faulted MasterCard for arguing that SmartMetric's case lacked any legal or factual basis at the outset without bringing "a motion asserting these deficiencies at that stage of the litigation." (JA5.)  In so doing, the district court failed to recognize that (i) this would improperly require MasterCard to educate SmartMetric about its infringement case and assume the burden of proving non-infringement, and (ii) SmartMetric undoubtedly would have responded by filing a Rule 56(d) declaration in response to such a motion, seeking more time for discovery before MasterCard's motion was decided.

Regardless, this Court has expressly rejected the notion that a fee award may be denied on the ground that the prevailing party did not move for summary judgment more promptly:  "That Vizio did not move for summary judgment at the outset of litigation does not absolve counsel's uncontested litigation misconduct nor could it justify refusal to award fees after summary judgment was filed."  *Oplus Techs., Ltd. v. Vizio, Inc.*, 782 F.3d 1371, 1375 (Fed. Cir. 2015).  The district court thus relied upon an incorrect legal standard in faulting MasterCard for allowing motion practice to follow normal litigation practice.  *See Oplus Techs.*, 782 F.3d at 1375 (rejecting argument that fees are not warranted because " motion practice followed normal litigation practice").

Second, the district court adopted the incorrect standard that a party with no hope of prevailing after an adverse claim construction has a right to continue litigating through summary judgment.  (JA5.)  As discussed above, SmartMetric could not have reasonably expected success once its ludicrous construction of "local access number" was rejected by the district court.  (JA373.) SmartMetric's case was frivolous from the start, but at the least the district court's rejection of SmartMetric's claim construction should have caused SmartMetric to stop litigating.

This Court has stated that, "[w]hen patentees have sought unreasonable claim constructions divorced from the written description, this court

has found infringement claims objectively baseless." *Taurus IP*, 726 F.3d at 1327;

*see also, e.g., MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 919 (Fed. Cir.

2012) ("Because the specification and prosecution history clearly refute [the

patentee's] proposed claim construction, the district court did not err in finding that

[the patentee's] infringement claims were objectively baseless."); *Eon-Net LP v.*

*Flagstar Bancorp*, 653 F.3d 1314, 1326 (Fed. Cir. 2011) ("[B]ecause the written

description clearly refutes [the patentee's] claim construction, the district court did

not clearly err in finding [the patentee] pursued objectively baseless infringement

claims."). Additionally, a patentee "must continually assess the soundness of

pending infringement claims, especially after an adverse claim construction."

*Taurus IP*, 726 F.3d at 1328. These principles are only strengthened under the

more relaxed *Octane Fitness* standard. *See, e.g., Chalumeau Power Sys. LLC v.*

*Alcatel-Lucent*, 2014 WL 4675002, at *2 (D. Del. Sept. 12, 2014) (awarding fees

because, while the court "did agree with some of Chalumeau's proposed

constructions, taken as a whole its positions were frivolous").

    Moreover, this Court has expressly rejected the notion that a patentee

may continue to litigate a patent infringement claim in the face of a determinative

claim construction order. In *Biax*, this Court held that a patentee "could not

continue to assert its infringement claims in the district court unless it had an

objectively reasonable infringement position under the district court's claim

construction." 2015 WL 755940, at *2, 2015 U.S. App. LEXIS 3082, at *8.

Shortly thereafter, in *Oplus Technologies*, this Court indicated that, where a

patentee no longer has an argument for infringement, it should "stipulat[e] to

noninfringement," rather than force the district court to consider its opposition to a

motion for summary judgment. 782 F.3d at 1375. The district court's conclusion

that it was not extraordinary for SmartMetric to have continued pursuing its case

"in the face of a negative claim construction outcome" regarding the "local access

number" limitation in the '464 patent was clearly contrary to law and an abuse of

discretion. (JA5.)

And third, if a case "stands out from others with respect to the

substantive strength of a party's litigating position … ***or the unreasonable manner***

***in which the case was litigated***," it is exceptional under 35 U.S.C. § 285. *Octane*

*Fitness*, 134 S. Ct. at 1756 (emphasis added). Thus, "objective reasonableness

remains a relevant factor." *Biax*, 2015 WL 755940, at *2, 2015 U.S. App. LEXIS

3082, at *7.

Citing *Biax*, the district court concluded that SmartMetric "believed in

its litigating position and presented a case that was not implausible on its face."

(JA6.) This is not the correct legal standard. Under *Octane*, a district court is to

consider "the substantive strength of a party's litigating position," including

objective reasonableness, *Octane*, 134 S. Ct. at 1756, not whether the patentee

"believed in its litigating position" or whether the claim was "implausible on its face." This, again, was legal error and an abuse of discretion.

Because the district court erred in relying upon incorrect legal standards, the finding that this case is not exceptional should thus be reversed. At the very least, the district court's finding should be vacated and remanded, as the elimination of this authority would materially change the totality of the circumstances considered by the district court.[3]

## C.    The District Court Erred in Failing to Find an Exceptional Case Based upon the Objective Baselessness of SmartMetric's Litigating Positions

Both this Court and the Supreme Court have made clear that the "objective baselessness" of a party's litigating positions "remains a relevant factor"

---

[3] In an analogous context, the Federal Circuit has held that a material change in the totality of circumstances underlying a willful-infringement determination requires that the determination be vacated and remanded for a redetermination of the issue by the district court. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1346 (Fed. Cir. 2004) ("Because elimination of the adverse inference as drawn by the district court is a material change in the totality of the circumstances, a fresh weighing of the evidence is required to determine whether the defendants committed willful infringement. This determination is the primary responsibility and authority of the district court. We therefore vacate the finding of willful infringement and remand for redetermination of the issue."); *see also Insituform Techs., Inc. v. Cat Contracting, Inc.*, 385 F.3d 1360, 1377 (Fed. Cir. 2004) ("A determination of willfulness is made on consideration of the totality of the circumstances. Because elimination of the adverse inference arising from failure to obtain an opinion of counsel is a material change in the totality of the circumstances in this case, a fresh weighing of the evidence is required. For this reason, we vacate the district court's willfulness finding and remand for further proceedings.") (citation omitted).

under the new *Octane Fitness* standard. *Biax*, 2015 WL 755940, at *2, 2015 U.S. App. LEXIS 3082, at *7; *see also Octane Fitness*, 134 S. Ct. at 1756 n.6. Here, the district court abused its discretion in failing to find an exceptional cased based upon the objective baselessness of SmartMetric's litigating positions.

### 1. SmartMetric's infringement positions were objectively baseless when it filed suit.

SmartMetric could not have expected success on the merits when it filed this case. To infringe the '464 patent, MasterCard must have made or sold both data cards and card readers, or directed or controlled those who do. As MasterCard explained time and again to SmartMetric, credit cards are issued by banks, not by MasterCard. Moreover, in the 2010 Case, MasterCard repeatedly told SmartMetric that it did not provide or use data cards or card readers, or direct or control any entity that does. (*See, e.g.*, JA2703-2704, 17:27-18:18.)

"Direct infringement is a strict-liability offense, but it is limited to those who practice each and every element of the claimed invention." *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007), *overruled on other grounds, Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012). Although "[o]ne party's direction or control over another in a principal-agent relationship or like contractual relationship operates as an exception to this general rule," this Court has held that "absent that agency relationship or joint enterprise," a court should not "find one party vicariously

liable for another's actions." *Aristocrat Techs. Austl. Pty Ltd. v. International Game Tech.*, 709 F.3d 1348, 1363 (Fed Cir. 2013). Here, SmartMetric never had or developed any evidence of a relationship, such as principal-agent or joint enterprise, between MasterCard and card-issuing financial institutions or card or card reader manufacturers that would cause MasterCard to be vicariously liable for their actions. The 2010 Case should have made this clear to SmartMetric, or at least spurred it to conduct adequate due diligence before filing the present lawsuit.

Additionally, SmartMetric could not have reasonably expected to prove that the '464 patent's "local access number" requirement was met. In the claimed systems and methods, users desiring to access a network service provider could record access and login information on a "data card" (*i.e.*, smart card). Then, while traveling, users could insert their data card in a card reader to log on at a remote location and access the network service provider by using either a default number or a number local to that location. The use of local access numbers would allow users to access the network service provider without incurring long-distance charges. (*See, e.g.*, JA18, 2:5-46.)

In the accused systems, however, data cards are used by cardholders simply as credit or debit cards in purchase transactions. The transactions are communicated from merchants to acquiring banks, and then over MasterCard's network between acquiring banks and issuing banks for authorization. These

connections among the merchants, banks, and MasterCard are independent of cardholder location, and the cardholders are not responsible for any charges in making these connections. The connections do not involve choosing between a default or a local access number, much less an access number from a database of such numbers. SmartMetric never provided any evidence that the connection between a merchant and its acquiring bank depends on the cardholder's geographic location.

The Fee Order fails to acknowledge MasterCard's argument that it does not make or sell data cards and card readers. It also offers no explanation for why SmartMetric's position on the "local access number" limitation was not objectively baseless. When these points are considered, it is apparent that SmartMetric's infringement positions were objectively baseless upon filing suit. It was an abuse of discretion for the district court not to address these points.

> **2.    SmartMetric's failure to conduct a reasonable pre-suit investigation confirms the objective baselessness of SmartMetric's positions.**

The law is clear that a patentee bears the burden to "conduct [a] careful investigation before bringing suit." *Linex Techs., Inc. v. Hewlett-Packard Co.,* 2014 WL 4616847, at *3 (N.D. Cal. Sept. 15, 2014). Here, the most basic pre-suit investigation would have made clear that SmartMetric lacked evidence that MasterCard makes or sells cards or card readers (or has a principal-agent or joint enterprise relationship with those who do). A pre-suit investigation would

also have made clear that a credit card would not have a "local access number" for the user, since it is the merchant's terminal that does the connecting to the acquiring bank as part of their pre-established relationship. SmartMetric's failure to conduct a reasonable pre-suit investigation further confirms the objective baselessness of SmartMetric's positions.

### a.    SmartMetric failed to conduct a pre-suit investigation into whether MasterCard makes or sells cards and card readers.

The 2010 Case highlights the unreasonableness of SmartMetric's decision to file the present action. That case put SmartMetric on notice that MasterCard does not make or sell cards or card readers (or direct or control any other entity that might provide or use cards or card readers). Early in the 2010 Case, as discussed above, MasterCard filed a motion to dismiss SmartMetric's complaint under Rule 12(b)(6). As discussed *supra.*, in the memorandum supporting that motion MasterCard and co-defendant Visa noted and represented that:

> As anyone who has ever been offered or received a credit card knows, credit cards are issued by financial institutions, not by Visa or MasterCard. The same is true of Visa's payWave cards and MasterCard's PayPass cards – they are not issued to users by Visa or MasterCard. Nor are Visa or MasterCard in the data card reader business. Accordingly, SmartMetric does not—and indeed cannot—allege that Visa or MasterCard use or sell data cards or data card readers as required by the independent claims of the '464 patent.

(JA2703-JA2704, 17:27-18:5; *see also* JA2706, 20:6-10.)  This emphatic notice should have stopped SmartMetric from suing MasterCard again.  At the very least, this information should have given SmartMetric a very clear indication that a serious and meaningful pre-filing investigation was necessary.

Had SmartMetric considered the information learned in the 2010 Case and conducted a reasonable pre-filing investigation, it could only have concluded that no colorable claim could be asserted against MasterCard.  Instead, in opposing MasterCard's motion for attorney fees, SmartMetric claimed that it conducted a reasonable pre-suit investigation because "the cards and readers bear [MasterCard's] name[] and logo[], and I reasoned that such control was essential to assuring the systems would perform as expected."  (JA3453 ¶ 22; *see also* JA3342, 13:16-19.)  It should have been obvious to SmartMetric that such "evidence" was deficient.  In fact, the California Court of Appeal in another case explicitly found that "[t]he mere display of the VISA logo, trade name, or trademark is simply not enough to establish an agency by ratification."  *Emery v. Visa Int'l Service Ass'n*, 95 Cal. App. 4th 952, 961-62 (2002); *see also id.* at 956 ("Indeed, VISA does not issue bank cards to consumers.  Nor does VISA charge consumers fees for its services or contract with merchants to display the VISA mark or to accept VISA bank cards.  Simply put, VISA has no contractual relationship with consumers or

merchants. Its relationship is with its members, autonomous financial institutions.").

SmartMetric knew or should have known that the mere display of a logo does not imply "direction or control." Cards and card readers display MasterCard's logo, not because MasterCard directs or controls the banks that issue the cards or the device manufacturers that make the card readers, but merely to indicate that the cards and readers meet MasterCard's standards and are compatible with MasterCard's payment system. C*f. Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 637 F. Supp. 2d 1029, 1043 (M.D. Fla. 2009) ("[R]eliance on trademarks, signs, and logos as representations of agency is unreasonable as a matter of law.") (applying Oklahoma law); *Reed v. Young Men's Christian Ass'n USA*, No. 3:07-0765, 2008 WL 3852175, at *3 (M.D. Tenn. Aug. 15, 2008) ("[T]he mere use of a company logo or trademark in no way imputes liability to the holder of the mark for the tortious actions of the licensee.").

The Fee Order fails to address MasterCard's argument that SmartMetric failed to conduct a reasonable pre-filing investigation, other than to acknowledge in passing that MasterCard made the argument. (JA4.) Once the lack of a pre-filing investigation is considered, it becomes further apparent that SmartMetric's infringement positions were objectively baseless when it filed suit. It was an abuse of discretion for the district court not to address this argument.

### b.    SmartMetric failed to conduct a pre-suit investigation into whether MasterCard's system has a local access number.

As discussed, SmartMetric never directly examined MasterCard's system to see whether it had local access numbers and a database of such numbers as the claims of the '464 patent require, except to the extent that SmartMetric's chief executive officer, Chaya Hendrick, "had seen EMV terminals outside the US, and learned, generally, how they work." (JA3459 ¶ 2.) Ms. Hendrick "reasoned" from her "own experience with computer programming" that MasterCard's system "likely" had local access numbers, (*id.*), but she never bothered to investigate whether this was actually the case. Nor did SmartMetric try to obtain access to or information about the accused MasterCard system from MasterCard before filing suit. This is the hallmark of an unreasonable pre-filing inquiry. *See, e.g., Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997) (holding inquiry unreasonable where the patent owner never tried to obtain a sample of the accused device from the accused infringer "so that its actual design and functioning could be compared with the claims of the patent").

On similar facts, this Court found a pre-filing investigation inadequate where the patent owner failed to directly examine the accused products before suit. *See View Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 981 (Fed. Cir. 2000). The patent owner relied solely on "what [it] could learn about [the accused infringer's] machines from publicly available information, and [the accused

infringer's] literature." *Id*. at 985.  The publicly available information, however, did not provide sufficient evidence of infringement to support the patent owner's allegations.  *See id*. The patent owner, nevertheless, filed infringement counterclaims based upon its belief that "it was likely that [the accused infringer] would infringe the eight patents, and he had no information which would lead him to a different conclusion." *Id*.  This Court held this was improper. *See id*. at 986.

SmartMetric's pre-filing investigation mirrors that of the patent owner in *View Engineering*.  Here, as in *View Engineering*, SmartMetric failed to directly examine the accused system before suit.  Instead, as in *View Engineering*, SmartMetric's infringement expert simply "looked at documents describing Defendants' EMV systems" and surmised that "these systems likely included a default access number, and, I believed, local access numbers, too."  (JA3453 ¶ 22.) As admitted by SmartMetric's infringement expert, these documents "do not specifically show a database containing local access numbers," leaving him to merely "infer[] that the router would route to the closest available asset." (JA3449-JA3450 ¶ 14.)  SmartMetric thus filed suit even though the documents said nothing about a local access number.  SmartMetric's pre-filing inquiry cannot be found reasonable.

In short, before filing suit, SmartMetric simply assumed that MasterCard's system used local access numbers.  An adequate pre-filing

investigation, however, requires more than unsupported assumptions.  This Court has set a clear standard for conducting a reasonable pre-filing investigation.  By disregarding these standards, SmartMetric made this action an exceptional case under 35 U.S.C. § 285.  The Fee Order fails to address these points, which was an abuse of discretion.

**D.**    **The District Court Erred in Failing to Find an Exceptional Case Based on the Unreasonable Manner in Which SmartMetric Litigated This Case**

SmartMetric should never have brought this suit in the first place, but at the very least SmartMetric should have given up when it became clear that it would not prevail.  "[A] party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims." *Taurus IP*, 726 F.3d at 1328.  SmartMetric failed to do that.

There were at least five points in the proceedings when SmartMetric should have sought to withdraw its infringement claims:  (1) once the district court rejected SmartMetric's construction of "local access number"; (2) once SmartMetric was unable in fact discovery to identify its theory of infringement and whether key elements of the asserted claims were present in the accused system; (3) once SmartMetric failed to serve a timely expert report on infringement; (4) once SmartMetric's late expert failed to produce a substantive infringement opinion; and (5) once SmartMetric's expert testified that he was unaware of any circumstance under which MasterCard uses a local access number.

41

Considering the totality of these circumstances, as *Octane Fitness* requires, it was an abuse of discretion for the district court not to find this case to be exceptional.

### 1. SmartMetric acted unreasonably by continuing to litigate after the district court rejected SmartMetric's construction of "local access number."

SmartMetric could not have reasonably expected success once its unreasonable construction of "local access number" was rejected by the district court. (JA373.) SmartMetric's case was frivolous from the start, but the rejection of SmartMetric's claim construction (which had no basis in the specification of the '464 patent) should have made that clear beyond any doubt. It left SmartMetric asserting the baseless contention that MasterCard's backup or "stand-in" processing somehow reflected a local access number, despite the undisputed fact that the processing was centralized at a single site in St. Louis. (JA2814-JA2815, 77:13-78:6.)

The unreasonableness of SmartMetric's post-*Markman* conduct was further confirmed in its appeal of the district court's summary judgment order to this Court, when, for the first time, SmartMetric presented a brand-new infringement theory under which a "local access number" became an optional element of the patent claims. (JA2900-JA2901.) SmartMetric did not previously assert this theory because it would have completely undermined SmartMetric's

position on patent validity (which was not at issue before this Court).  But on appeal, SmartMetric pretended that this theory had been its stance all along, and then attacked the district court's summary judgment order for failing to adopt it.  These actions suggest that SmartMetric knew all along its construction of "local access number" was groundless, but choose to prosecute this case anyway, even after the district court had rejected SmartMetric's construction.

This conduct (which the Fee Order fails to address) makes this case further stand out from others.  Similar to *Oplus Technologies*, SmartMetric's "litigation positions, expert positions, and infringement contentions were a constantly moving target, a frustrating game of Whac-AMole throughout the litigation."  782 F.3d at 1374 (quotations omitted).  In the district court, SmartMetric was arguing that U.S. Patent No. 6,108,789 to Dancs did not anticipate the '464 patent because Dancs lacked a disclosure of a database having location information for access numbers.  (JA580-JA581, 8:17-9:8.)  In this Court, SmartMetric was arguing that a database of local access numbers was not needed to infringe the claims of the '464 patent.  (JA2901.)  SmartMetric could not have it both ways.  Once the district court rejected SmartMetric's construction of "local access number," SmartMetric should have stopped its case.

**2.      SmartMetric acted unreasonably by continuing to litigate after it was unable in fact discovery to identify its theory of infringement.**

At no point during this case did SmartMetric articulate the factual and legal grounds for its claim that MasterCard infringed the '464 patent. SmartMetric's refusal to articulate a theory of infringement effectively shifted the burden of proof onto MasterCard.  Rather than proving infringement, SmartMetric reacted to every position taken by MasterCard by changing its theory of the case and revising the facts to support its claim.

During discovery, MasterCard requested that SmartMetric identify its theory of infringement and whether key elements of the asserted claims were present in the accused systems.  In response, SmartMetric simply restated the claim language when asked for its infringement theory or provided evasive non-substantive responses.  (JA2721-JA2729.)  Even when SmartMetric belatedly supplemented its interrogatory responses after discovery closed, it could not identify who made or sold the alleged "data card" and "data card" reader in the accused MasterCard system.  (JA2775.)  SmartMetric could not offer any explanation of what, in MasterCard's accused system, allegedly satisfied the "local access number" limitation of the asserted patent claims.  (JA2775-JA2776.) SmartMetric's sole document production in this case was a letter from SmartMetric's counsel listing four publicly available MasterCard and Visa websites.  (JA2681 ¶ 9, JA2761.)

This conduct makes this case further stand out from others.  Similar to
*Oplus Technologies*, SmartMetric "misused the discovery process … by ignoring
necessary discovery [and] flouting its own obligations."  782 F.3d at 1374.
SmartMetric effectively ignored MasterCard's requests to identify specific facts to
support infringement during discovery.  By disregarding these requests,
SmartMetric made this action an exceptional case under 35 U.S.C. § 285.  The Fee
Order fails to address this conduct, which was an abuse of discretion.

### 3.    SmartMetric acted unreasonably by continuing to litigate after it failed to serve a timely expert report on infringement.

SmartMetric could not have reasonably expected success once the
deadline for initial expert disclosures passed without SmartMetric serving an
expert report on infringement.  SmartMetric had the burden of proving that
MasterCard infringes the '464 patent.  To meet this burden of proof, SmartMetric
needed an expert.  SmartMetric admitted as much at the March 25, 2013 hearing
on the parties' motions for summary judgment:

> [Mr. Gussin] is my expert on the subject of validity and
> infringement.  He is my whole case on validity and
> infringement …

(JA2889, 13:21-23.)  In its summary judgment reply brief, SmartMetric further
admitted:

> Expert testimony is needed to prove infringement.
> Therefore, excluding Gussin would be the same as

> granting summary judgment of non-infringement to
> Defendants ….

(JA1654, 18:22-24.)

Having admitted that expert testimony is needed to prove infringement, SmartMetric could not have reasonably expected success on the merits once it failed to serve a timely infringement report on December 31, 2012. At that point, it should have been clear to SmartMetric that it had no grounds for maintaining this suit. If for some reason it was not clear by December 31, then it should have been crystal clear by February 21, 2013, when the district court denied SmartMetric's request to re-set the expert disclosure deadlines. (JA501.) SmartMetric's continued effort to litigate the case constituted misconduct that alone makes this case exceptional. It was an abuse of discretion for the district court to conclude otherwise.

### 4.    SmartMetric acted unreasonably by continuing to litigate after its late expert was unable to produce a substantive infringement opinion.

As noted above, SmartMetric served a tardy expert report on infringement in defiance of the district court's order. Yet, as the district court's summary judgment order recognized, the Gussin Report and later Gussin Declaration made only conclusory allegations about MasterCard's alleged infringement of the '464 patent, devoid of any evidentiary basis. (JA2683 ¶ 17; JA2796-JA2801; JA589-JA596; JA1948, 7:4-17 ("Gussin's presumptions lack

foundation in facts .… Instead his 'inferences' that these limitations are present seem, to this Court, to be guesses about how EMV systems could plausibly work.").)  Both documents failed to address the fact that MasterCard does not sell cards or card readers, and that a credit card system has no use for a "local access number" that is "specific to the locale of the user at the time the user attempts access."

SmartMetric could not have reasonably expected success once its expert was unable to provide a substantive infringement opinion.  This Court requires that a patent owner "present particularized evidence that links the accused products to the patent on a limitation by limitation basis."  *Motionless Keyboard Co. v. Microsoft Corp.*, 486 F.3d 1376, 1382 (Fed. Cir. 2007).  "It is well settled that an expert's unsupported conclusion on the ultimate issue of infringement is insufficient to raise a genuine issue of material fact."  *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1278 (Fed. Cir. 2004).

All SmartMetric had was Mr. Gussin's unsupported conclusion on the ultimate issue of infringement.  This is akin to the patentee's failure in *Oplus Technologies* "to address multiple noninfringement contentions in its summary judgment opposition."  782 F.3d at 1374.  While the district court mentioned this failure by SmartMetric in the Fee Order, calling it "in appropriate," (JA6), the Fee Order erred by considering this failure in isolation with SmartMetric missing the

deadlines for expert disclosures. Under *Octane Fitness*, the issue is not whether

there existed singular misconduct at each of the proceedings. This case is

exceptional because, "considering the totality of the circumstances" (as *Octane

Fitness* requires, 134 S. Ct. at 1756), the evidence overwhelmingly shows that

SmartMetric initiated an objectively baseless suit against MasterCard and acted

unreasonably in continuing to litigate without any factual or legal support for its

infringement claims.

5.    **SmartMetric acted unreasonably by continuing to litigate after its expert testified that he was unaware of any circumstance under which MasterCard uses a local access number.**

Finally, SmartMetric could not have reasonably expected success

once MasterCard elicited Mr. Gussin's deposition testimony regarding the "local

access number" limitation. As discussed in the Statement of the Facts, Mr. Gussin

admitted that he was unaware of any circumstance under which a local access

number from a database is used for MasterCard's stand-in processing. (JA2813,

76:2-11.) At no time did Mr. Gussin attempt to pinpoint where the claimed "local

access number" and "database" elements are allegedly found in the MasterCard

accused system. In fact, as SmartMetric's representative, he admitted that "the

Visa and MasterCard's documents do not specifically show a database containing a

local access number" and that one skilled in the art must infer from the information

provided in the documents that such a database exists. (JA1217 ¶ 19.)

As shown above, there thus was a clear pattern of misconduct by SmartMetric.  First, SmartMetric filed an infringement claim without any reasonable basis to support its allegations.  Second, SmartMetric missed the deadline to serve expert reports without any justification.  Third, SmartMetric served a conclusory expert report that was served after ***both*** the deadline for initial expert reports and the deadline for rebuttal expert reports had passed and after the district court declined to reset those deadlines.  Fourth, SmartMetric openly violated the district court's orders by filing the Gussin Declaration that improperly attempted to supplement the deficient Gussin Report.  Fifth, even the belated Gussin Declaration made only conclusory allegations.

Under the totality of the circumstances, SmartMetric's misconduct makes this case exceptional under 35 U.S.C. § 285.

## VIII.

## CONCLUSION AND STATEMENT OF RELIEF SOUGHT

The district court relied upon incorrect legal standards and failed to consider the totality of the circumstances of SmartMetric's objectively baseless claims and exceptionally unreasonable conduct.  The finding that this case is not exceptional should thus be reversed, and the case should be remanded for a determination of the fee award to MasterCard.  In the alternative, the district

court's Fee Order should be vacated and the case remanded for further

consideration of the exceptional case issue.


July 29, 2015                    Respectfully submitted,


                    By    _____
                                   */s/ Gary A. Clark*
                              GARY A. CLARK
                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                         Attorneys for Defendant-Appellant
                         MASTERCARD INTERNATIONAL
                              INCORPORATED

# ADDENDUM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-11-7126-MWF (AJWx)          Date:  March 25, 2015**
Title:      SmartMetric, Inc. -*v*- MasterCard International, Inc., et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

        Deputy Clerk:                        Court Reporter:
        Cheryl Wynn                          Not Reported

        Attorneys Present for Plaintiff:     Attorneys Present for Defendants:
        None Present                         None Present

**Proceedings (In Chambers):**   ORDER DENYING DEFENDANTS' RENEWED
                                      MOTION FOR ATTORNEY FEES [220]

     This action arose under the patent laws of the United States, Title 35, United States Code.  Plaintiff SmartMetric, Inc. ("SmartMetric") alleged that Defendants Mastercard, Inc. and Visa, Inc. (collectively "Defendants") were infringing claims 1 and 14 of U.S. Patent 6,792,464 ("the '464 patent").

     Defendants MasterCard International Inc. and Visa Inc. filed a Motion for Attorney Fees on October 30, 2013.  (Docket No. 185).  On December 18, 2013, the Court granted Defendants' ex parte application to continue the hearing on that motion until after the Supreme Court's decision in *Octane Fitness*.  (Docket No. 210).  On January 28, 2014, the Court entered the parties' stipulated order postponing the hearing on that motion until after the Federal Circuit resolved the appeal in this action. (Docket No. 212).

     After the Supreme Court issued its awaited opinion on the standard for awarding attorneys' fees, *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), and the Federal Circuit ruled on the appeal in this case, *Smartmetric Inc. v. MasterCard Int'l Inc.*, 568 F. App'x 897 (Fed. Cir. 2014), the Court issued an Order denying the Motion for Attorney Fees without prejudice on the ground that entirely new briefing was necessary.  The Court instructed Defendants to file their renewed motion within one week following the receipt of the mandate in this District.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-11-7126-MWF (AJWx)**           **Date:  March 25, 2015**
Title:        SmartMetric, Inc. -*v*- MasterCard International, Inc., et al.

Now before the Court is Defendants' Renewed Motion for Attorney Fees (the "Motion") filed November 3, 2014.  (Docket No. 220).  SmartMetric filed an Opposition to Defendants' Renewed Motion for Attorneys' Fees and Costs on November 24, 2014.  (Docket No. 234).  Defendants filed a Reply on December 15, 2014.  (Docket No. 238).  The Court has read and considered the Motion and related papers, and a hearing was held on January 12, 2015.

**Jurisdiction**

SmartMetric first argues that this Court lacks jurisdiction to hear Defendants' Motion because SmartMetric already filed an appeal in this case.  (Opp. at 1-2).  This argument is without merit.  The filing of a notice of appeal divests the district court of its control "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  In this case attorneys' fees are not an aspect of SmartMetric's case "involved in the appeal." *Id.*  Moreover, "the Ninth Circuit has made it clear that district courts retain jurisdiction to decide issues regarding attorney's fees after an appeal is taken." *United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA*, 727 F. Supp. 2d 876, 882 (C.D. Cal. 2010) (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956-57 (9th Cir. 1983)).

Additionally, SmartMetric argues that this Court lacks jurisdiction because Defendants filed the present Motion twelve months after the fourteen-day filing deadline in Local Rule 54-10 had passed.  (Opp. at 2).  Again, the Court rejects this argument.  Defendants filed their initial Motion for Attorneys Fees within the required deadline.  (Docket No. 185).  The Court then continued the hearing on this motion until after the Supreme Court issued its decision in *Octane Fitness* (Docket No. 210), and then again until after the Federal Circuit decided SmartMetric's appeal (Docket No. 212).  Once both decisions were issued, the Court *requested* further briefing through a renewed motion, thereby adjusting the deadlines by Court order.  (Docket No. 214).  Defendants timely filed their Renewed Motion by the deadline provided by the Court, and thus Defendants are not in violation of any Court deadlines.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-11-7126-MWF (AJWx)            Date:  March 25, 2015**
Title:       SmartMetric, Inc. -*v*- MasterCard International, Inc., et al.

## Attorneys' Fees

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  In its recent *Octane Fitness* decision, the Supreme Court clarified the application of this rule.  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).  The Supreme Court explained that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756.  The Supreme Court thereby relaxed the earlier definition of "exceptional case" under § 285, and clarified that under the statute "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."  *Id.*  In exercising its discretion, however, the Supreme Court suggested that district courts still look to the factors previously set forth concerning the application of this provision, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at 1756 n.6 (quoting *Forgerty v. Fantasy*, 510 U.S. 517, 534 n.19 (1994)).

Before the decision in *Octane*, the Federal Circuit had limited fee shifting in patent cases to those cases in which the prevailing party could demonstrate, by clear and convincing evidence, either (1) litigation misconduct; or (2) that the litigation was both objectively baseless and brought in subjective bad faith.  *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381-82 (Fed. Cir. 2005).  Under the first option, a district court would award attorneys' fees only "when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates [Federal Rule of Civil Procedure] 11, or like infractions."  *Id.* at 1381.  In the absence of such evidence, the prevailing party was tasked with demonstrating *both* subjective bad faith in bringing the litigation, *and* that the litigation was objectively baseless.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-11-7126-MWF (AJWx)          Date:  March 25, 2015**
**Title:       SmartMetric, Inc. -*v*- MasterCard International, Inc., et al.**

The Court relaxed this "rigid and mechanical formulation" in *Octane*.  134 S. Ct. at 1754.  Now, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757.  Moreover, the Supreme Court explained its view that "a case presenting *either* subjective bad faith *or* exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* (emphasis added).

Defendants argue that this is such an "exceptional case."  They assert various aspects of the litigation history demonstrate SmartMetric's "unreasonable conduct throughout the entirety of the litigation," including assertions that: (1) SmartMetric failed to conduct a reasonable pre-filing investigation and should have known that it lacked a claim against Defendants; (2) SmartMetric failed to support its patent infringement claims in its interrogatory responses and document production; (3) SmartMetric offered a frivolous construction of the term "local access number" that contradicted the claim language and ignored the teachings of the '464 patent; (4) SmartMetric ignored the Court's order regarding submission of expert reports and withheld its expert reports on infringement until after it received non-infringement expert reports from MasterCard and Visa; (5) SmartMetric submitted additional expert declarations at the summary judgment stage with opinions that had not previously been disclosed; (6) SmartMetric adopted a new theory of the case on appeal; and (7) all of the above was against the backdrop of the prior action before Judge Nguyen and the prior appeal to the Federal Circuit.

Many of these points are essentially correct, particularly in respect to SmartMetric's handling of the litigation after the claim construction hearing.  Moreover, there are additional instances of exceptionally weak—if not frivolous—positions, including the request for a stay pending certiorari and the arguments raised in this Opposition about jurisdiction.  Nonetheless, after reviewing the docket, its own prior orders, and the declarations made on both sides of this litigation, the Court does not believe that the litigation was undertaken in bad faith or that this case "stands out" under the *Octane* standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV-11-7126-MWF (AJWx)**          **Date:  March 25, 2015**
Title:       SmartMetric, Inc. -*v*- MasterCard International, Inc., et al.

Importantly, the Court did not find that SmartMetric's infringement case lacked *any* legal or factual basis, and moreover, Defendants never brought a motion asserting these deficiencies at that stage of the litigation.  Additionally, the Court did not find that SmartMetric's claim construction arguments were frivolous or without merit.  Indeed, the Court's Claim Construction Order actually adopted much of SmartMetric's proposed language.

Moreover, there is no indication on the record that SmartMetric took an unreasonable litigation position.  Defendants focus significant attention on SmartMetric's flawed "local access number" proposal as a key indication that this entire litigation was without merit and objectively unreasonable.  However, the Court has reviewed this briefing, and disagrees with Defendants that SmartMetric's proposed language was patently inappropriate.  More importantly, the Court rejects Defendants' argument that the continuation of this litigation after the Court rejected SmartMetric's construction of "local access number" is indicative of any misconduct or bad faith.  "Although in this case, claim construction was indeed determinative of the issue of infringement when considered on summary judgment, the claim construction order itself did not legally determine the issue.  [Plaintiff] presented reasonable, but unconvincing, arguments at claim construction."  *Kaneka Corp. v. Zhejiang Med. Co.*, 11-cv-2389 MRP, 2014 U.S. Dist. LEXIS 91659 (C.D. Cal. May 23, 2014).  As the court in *Kaneka* explained, "claim constructions, issued separately from other motions, do not analyze issues of infringement or validity," and thus, to address these issues on appeal a party needs to pursue a case dispositive motion.  *Id.* at *8.

The Court does not find it an "extraordinary" case for SmartMetric to have pursued an argument in the face of a negative claim construction outcome.  Moreover, "[m]erely losing at summary judgment is not a basis for an exceptional case finding," because "[i]f so, every party prevailing on summary judgment would be entitled to attorney fees—a result inconsistent with the Supreme Court's holding that an exceptional case 'stands out from others.'"  *Cambrian Science Corp. v. Cox Commc'n, Inc.*, SACV 11-1011 AG (JPRx), 2015 WL 178417, at *2 (C.D. Cal. Jan. 6, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV-11-7126-MWF (AJWx)          Date:  March 25, 2015**
Title:         SmartMetric, Inc. -*v*- MasterCard International, Inc., et al.

The Federal Circuit recently reversed a grant of attorneys' fees under 35 U.S.C. § 285, concluding that "neither the expert testimony nor the claim construction orders foreclosed [plaintiff's] position and there was nothing unreasonable about [plaintiff's] infringement position," and thus "the basis for the district court's award of fees no longer exists." *Biax Corp. v. Nvidia Corp.*, Nos. 2013-1649, 2013-1653, 2013-1654, 2015 WL 755940, at *4 (Fed. Cir. Feb. 24, 2015).  While this is a closer case than *Biax Corp.*, the Court concludes that ultimately Plaintiff in this case believed in its litigating position and presented a case that was not implausible on its face.

The Court does not conclude, however, that SmartMetric acted appropriately in this litigation.  For one, counsel for SmartMetric missed the clear deadlines for expert disclosures set by the Court.  (Summary Judgment Order at 2 (Docket No. 174)).  Moreover, the expert declarations, once submitted, contained "only conclusory allegations on the ultimate legal issue," and later expert declarations "improperly added analysis not present" in the original report.  (*Id.* at 5, 7).  These actions were thoroughly discussed in the Court's Order Granting Defendants' Motion for Summary Judgment.

The question, then, is whether these failures, which were inappropriate and ultimately detrimental to the client and the case, are "extraordinary."  The Court concludes that they are not.  Even though *Octane* eased the standard for fee shifting, this standard still presents a very high bar.  *See, e.g.*, *Intellect Wireless, Inc. v. Sharp Corp.*, No. 10-6763, 2014 WL 2443871, at *6 (N.D. Ill. May 30, 2014) (awarding fees based on false declarations before the PTO, without which, the court concluded, the plaintiff would not have obtained the patents at issue); *Cognex Corp. v. Microscan Sys., Inc.*, No. 13-2027, 2014 WL 2989975, at *4 (S.D.N.Y. June 30, 2014) (criticizing plaintiff for post-trial motions that simply sought to re-litigate issues decided during trial and awarding fees at least as to those motions); *Precision Links Inc. v. USA Products Group, Inc.*, No. 08-576, 2014 WL 2861759, at *3 (W.D.N.C. June 24, 2014) (criticizing plaintiff for seeking a preliminary injunction based in large part on a previously-rejected theory of liability and filing frivolous post-dismissal motions).  This is not a case where a party "served a boilerplate complaint on dozens of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV-11-7126-MWF (AJWx)**          **Date:** **March 25, 2015**
Title:       SmartMetric, Inc. -v- MasterCard International, Inc., et al.

defendants." *IPVX Patent Holdings, Inc. v. Voxernet LLC*, 13-cv-1708 HRL, 2014 WL 5795545, at *5 (N.D. Cal. Nov. 6, 2014). Nor is this a case where the losing party "never expected to prevail" on its claim, but pursued it anyway. *Id.*

Many of Plaintiff's failures were failures of Plaintiff's counsel in legal strategy and case management. However, even where counsel pursues "an aggressive litigation" strategy that is ultimately misguided and ineffective, courts have concluded that the case is not necessarily an extraordinary one. *See Gametek LLC v. Zynga, Inc.*, CV 13-2546, 2014 WL 4351414, at *3–5 (N.D. Cal. Sept. 2, 2014). Here, an aggressive litigating position, combined with disorganized and ineffective case management, lengthened and complicated the case. Certainly it was not a case that SmartMetric was going to win. The Court does not conclude, however, that the actions of counsel were taken frivolously or in an attempt to harass. Rather, the Court concludes that many of the problems faced by Plaintiff's counsel stem from his relative lack of resources compared to Defendants and his aggressive determination to pursue weak legal positions.

The Court, in its discretion and in the consideration of the totality of the circumstances, thus concludes that this case is not an exceptional case that "stands out from others with respect to the substantive strength of a party's litigating position." *Octane*, 134 S. Ct. at 1756. Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.

**Josue Martinez**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Wednesday, March 25, 2015 3:19 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:11-cv-07126-MWF-AJW SmartMetric Inc v. MasterCard International Incorporated et al Order on Motion for Attorney Fees |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 3/25/2015 at 3:19 PM PDT and filed on 3/25/2015

| | |
|---|---|
| **Case Name:** | SmartMetric Inc v. MasterCard International Incorporated et al |
| **Case Number:** | 2:11-cv-07126-MWF-AJW |
| **Filer:** | |

**WARNING: CASE CLOSED on 10/16/2013**

**Document Number:** 245

**Docket Text:**
**MINUTE ORDER IN CHAMBERS by Judge Michael W. Fitzgerald: The Renewed Motion for Attorney Fees [220] is DENIED. The Court concludes that this case is not an exceptional case that stands out from others with respect to the substantive strength of a partys litigating position. Octane, 134 S. Ct. at 1756. IT IS SO ORDERED. (cw)**

**2:11-cv-07126-MWF-AJW Notice has been electronically mailed to:**

Patrick F Bright     dfriedman@patentattorney.us, pbright@brightpatentlaw.com

Alexis Adian Houle     ahoule@jonesday.com

Joseph Melnik     apdoan@jonesday.com, jmelnik@jonesday.com, kortmayer@jonesday.com, jkslee@jonesday.com, mdelosangeles@jonesday.com, bcolomer@jonesday.com

Jason McDonell     jmcdonell@jonesday.com, mrivera@jonesday.com, msilveira@jonesday.com

Steven John Corr     sjcorr@jonesday.com

**JA8**

Dennis J Smith    [ddellisanti@sheppardmullin.com](mailto:ddellisanti@sheppardmullin.com), [dsmith2@sheppardmullin.com](mailto:dsmith2@sheppardmullin.com)

Gary Alan Clark    [jomartinez@sheppardmullin.com](mailto:jomartinez@sheppardmullin.com), [gclark@sheppardmullin.com](mailto:gclark@sheppardmullin.com), [rbugarin@sheppardmullin.com](mailto:rbugarin@sheppardmullin.com), [brodriguez@sheppardmullin.com](mailto:brodriguez@sheppardmullin.com)

Darren M Franklin    [jomartinez@sheppardmullin.com](mailto:jomartinez@sheppardmullin.com), [nphillips@sheppardmullin.com](mailto:nphillips@sheppardmullin.com), [dfranklin@sheppardmullin.com](mailto:dfranklin@sheppardmullin.com), [rbugarin@sheppardmullin.com](mailto:rbugarin@sheppardmullin.com)

**2:11-cv-07126-MWF-AJW Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of July, 2015, I caused to be electronically filed the foregoing BRIEF OF DEFENDANT-APPELLANT MASTERCARD INTERNATIONAL INCORPORATED using the Court's CM/ECF filing system.  Counsel for the Appellant and Appellee were electronically served via e-mail per Fed. R. App. P. 25 and Fed Cir. R. 25(a) and 25(b).

_/s/ Gary A. Clark_____

Gary A. Clark

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.      This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B).  The brief contains 11,049 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b).

2.      This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).  The brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font.

*/s/ Gary A. Clark*
Gary A. Clark